# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BELINDA MCCLELLAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1089-B |
| | § | |
| MICHAEL HINOJOSA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Michael Hinojosa's Motion to Dismiss and Brief in Support Purusant to Rule 12(b)(6), 8(a), and 12(e) (doc. 9). Having considered the Motion, the Court is of the opinion that Defendant's Rule 12(e) Motion should be and hereby is **GRANTED**, while Defendant's Rule 12(b)(6) Motion should be and hereby is **DENIED** without prejudice to refiling after Plaintiff has filed her First Amended Complaint.

Plaintiff filed her Original Complaint on June 1, 2010 (doc. 1), alleging that Defendant "released [her] position under false allegations." (Pl.'s Compl. 1). After being served on July 12 (doc. 8), Defendant filed the instant Motion on August 2 (doc. 9). Defendant seeks the dismissal of Plaintiff's claims on the grounds that her Complaint "is completely devoid of any factual allegations that support a cause of action against Hinojosa for ADEA violations or any other violation, fails to provide the grounds for the Court's jurisdiction, and fails to request relief such that Hinojosa is not reasonably able to frame a responsive pleading." (Def.'s Mot. Dismiss 2). In the alternative, Defendant requests that the Court direct Plaintiff to provide a more definite statement of her claims in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. (*Id.* at 12).

Because Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint with all possible deference. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* plaintiff ordinarily should be given "every opportunity" to state a possible claim for relief. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998). Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend. *Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). In light of this case law and the inadequacy of Plaintiff's Complaint as discussed below, the Court finds that examining Plaintiff's claims under Rule 12(e) is more fitting than examining them under Rule 12(b)(6) at this time.

Motions for a more definite statement under Rule 12(e) are generally disfavored and should be granted only as a remedy for unintelligible pleadings that are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" FED. R. CIV. P. 12(e); *see Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Under the Federal Rules of Civil Procedure, a complaint must contain 1) "a short and plain statement of the grounds for the court's jurisdiction," 2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and 3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A complaint is falls short of Rule 8(a) when it fails to provide notice of the facts and circumstances that give rise to the claim. *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999). A complaint must contain "specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

The Court finds that Plaintiffs Complaint is precisely the type of "vague" and "ambiguous" pleading that Rule 12(e) is designed to address. For one, the Complaint does not provide a "short

and plain statement of the ground's for the court's jurisdiction."[1]  Neither does the Complaint

contain a clear demand for relief that specifies exactly what Plaintiff is seeking from Defendant.

Finally, and most importantly, Plaintiff does not provide a clear statement of what she is claiming

nor any facts that would form the basis of these claims.  Instead, Plaintiff merely offers the conclusory

allegation that Defendant "released my position under false allegations."  Although Plaintiff attaches

DISD's recommendation of termination, it is unclear from the face of her Complaint what relevance

this termination letter has on her claims.

In light of the foregoing, the Court finds that Plaintiff's Complaint does not comport with

the requirements of Rule 8(a).  Because Plaintiff is proceeding *pro se* and is thus entitled to greater

deference, the Court **GRANTS** Defendant's Rule 12(e) Motion for a More Definite Statement but

**DENIES** Defendant's Rule 12(b)(6) Motion to Dismiss.  Defendant may refile its Rule 12(b)(6)

Motion to Dismiss after Plaintiff has filed her First Amended Complaint.

Plaintiff is **DIRECTED** to file an Amended Complaint **on or before Friday, December 3,**

**2010**.  This Amended Complaint shall comport with Rule 8(a) of the Federal Rules of Civil

Procedure and this Order.  In particular, Plaintiff must allege sufficient, plausible facts that form the

basis of a claim or claims that would entitle Plaintiff to relief.  Failure to file an Amended Complaint

that satisfies these requirements on or before December 3, 2010 may result in the dismissal of

Plaintiff's claims with prejudice.

**SO ORDERED.**

---

[1]The Court's jurisdiction in this case appears to be one of federal question jurisdiction under the ADEA.  However, it is presently unclear from the face of Plaintiff's Complaint what basis of jurisdiction she is relying upon.

DATED November 9, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE