# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BELINDA MCCLELLAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:10-CV-01089-B (BF) |
| v. § | |
| § | |
| MICHAEL HINOJOSA, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred Defendant Michael Hinojosa's Motion to Dismiss (doc.12) to United States Magistrate Judge Paul D. Stickney for recommendation. (Ord. Dec. 30, 2010.) The time to file a response has expired, and Plaintiff has failed to respond.

On or about March 29, 2010, Plaintiff Belinda McClellan filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging a violation of the Age Discrimination Employment Act ("ADEA"). (Complaint 2.) The EEOC dismissed the charge on May 18, 2010. (Complaint 2.) Plaintiff filed this action against Hinojosa as the Superintendent of the Dallas Independent School district on June 1, 2010. (Complaint 1.) In response to Hinojosa's August 2, 2010 Motion to Dismiss, the Court ordered McClellan to amend her complaint pursuant to Federal Rule of Civil Procedure 12(e). (Ord. August 2, 2010.) Plaintiff filed her First Amended Complaint on December 1, 2010, alleging age discrimination under Title VII.[1] (Am. Complaint 2.) Defendant contends the case should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] In her Amended Complaint, McClellan also names Dallas Independent School District, Claudia Rodriguez, Regina Youngblood, and Lester E. Singleton as Defendants. (Am. Complaint 1.) However, these Defendants have not yet been served in this lawsuit.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiffs' Complaint liberally, it does not comply with Rule 8(a) and is dismissible pursuant to Rule 12(b)(6). It contains no facts and no allegations that would entitle it to relief against Defendant. Plaintiffs' allegations are not sufficient to raise a right to relief above the speculative level.

Plaintiff pleads claims against Hinojosa under Title VII of the Civil Rights Act. She alleges that: (1) younger employees with less seniority were only required to answer directory assistance calls, district directory assistance calls, constituent calls and maybe one more category, whereas McClellan had to answer all categories of calls in the Human Resources Call Center; (2) McClellan was placed on special assignments while still answering phones; (3) younger employees in the same position were put in charge of the Human Resources Call Center when the manager was away from the building; and (4) the manager allowed younger employees to sit in the Human Resources executive meetings but did not allow McClellan to do so. (Am. Complaint 2.)

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Age discrimination does not fall under the scope of Title VII. *See Bohrer v. Hanes Corp.*, 715 F.2d 213, 218 (5th Cir. 1983). McClellan's Title VII claim provides no facts to support a cause of action on the basis of race, color, religion, sex, or national origin. Furthermore, although Plaintiff filed a charge with the EEOC, she did not allege violations of Title VII and has therefore failed to exhaust her administrative remedies for any Title VII claims. *See* 42 U.S.C. 2000e-5(e)(1); *see also Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *Cruce v. Brazosport Indep. School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Therefore, the Court finds that Plaintiff's claims against Defendant Hinojosa should be dismissed.

**Recommendation**

The Court RECOMMENDS that the District Court GRANT Defendant's Motion to Dismiss and DISMISS without prejudice Plaintiff's claims against Defendant Hinojosa.

SO RECOMMENDED, February 15, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE